**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-23753-CV-WILLIAMS**

ERNESTO GARCIA,

Petitioner,

v.

KROME NORTH SERVICE
PROCESSING CENTER,

Respondent.
_____________________________/

**ORDER TO FILE AMENDED**
**PETITION FOR WRIT OF HABEAS CORPUS**
**28 U.S.C. § 2241**

**THIS MATTER** is before the court on the *pro se* "Letter" filed by Petitioner Ernesto Garcia ("***Petitioner***") and docketed by the Clerk of Court on May 28, 2026 as a *petition* for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("***Petition***").[1] (DE 1.) The Petition is not on the authorized form as required by Rule 2(c)(5) of the Rules Governing § 2254 Proceedings, is not executed under penalty of perjury, does not name the proper individual having custody over the Petitioner, and does not provide sufficient factual details or claims regarding Petitioner's continued confinement as an immigration detainee

[1] "[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." *See Antonelli v. Warden, U.S.P., Atlanta,* 542 F.3d 1348, 1352 (11th Cir. 2008). A habeas petition filed by a state prisoner who is "in custody pursuant to the judgment of a [s]tate court" is subject to the restrictions contained in 28 U.S.C. § 2254. *See Medberry v. Crosby,* 371 F.3d 782, 785 (11th Cir. 2003) (quotation omitted). Where, as here, the Petition attacks the execution of a state sentence, it is subject to both § 2241 and § 2254. *See Thomas v. Crosby,* 371 F.3d 782, 785 (11th Cir. 2004).

at the Krome North Service Processing Center ("***Krome***").[2] Before the Court serves the Petition on Respondent, Petitioner is directed to file an amended Section 2241 Petition on the proper form provided with this Order and to insure that he signs the amended petition under penalty of perjury.[3]

Although Petitioner is appearing *pro se,* he is required to comply with the Local Rules of the Southern District of Florida, the Federal Rules of Civil Procedure, and 28 U.S.C. § 2242. The Rules require that the petition "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must substantially follow the forms prescribed by the Court and obtained from the Clerk of the Court and must be signed under penalty of perjury. *See* Local R. S.D. Fla. 88.2(a)(1); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure).

Petitioner is cautioned that mere conclusions of law, unsupported by any facts are insufficient to support a claim for federal habeas corpus relief. Petitioner is further advised that the local rules require that neither a petition and its incorporated memorandum of

[2] Given Petitioner's *pro se* status and based on a preliminary review of the petition, the Court finds that Petitioner shall be afforded an opportunity to amend his habeas corpus petition rather than suffer dismissal of the petition. *See Mederos v. United States,* 218 F.3d 1252, 1253 (11th Cir. 2000).

[3] *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1059-60 (11th Cir. 2011); *see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). A habeas petitioner must adequately plead his claims. *GJR Investments, Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

law, nor the opposing memorandum of law, shall exceed twenty (20) pages, and that a reply shall not exceed ten (10) pages, absent prior permission from the Court. *See* Local Rule 7.1(c)(2). Title pages preceding the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages for purposes of the local rules. *See id*. The use of a prescribed form is required by Local Rule 88.2(a). Petitioner is, therefore, required to complete the form petition, even if he needs to attach pages setting forth additional grounds and supporting facts. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. On or before **JULY 6, 2026,** Petitioner shall file an amended Section 2241 Petition, using the authorized form that accompanies this Order, be signed under penalty of perjury, and clearly set forth each ground for relief, with sufficient supporting facts. The amended Section 2241 Petition shall be clearly marked "Amended Petition," and shall contain the proper case number, **26-23753-CV-WILLIAMS.** Petitioner shall not incorporate by reference any prior filed pleadings or arguments. The amended Section 2241 Petition will be the sole, operative pleading considered in this case and only the claims listed therein will be addressed by the Court. *See* S.D. Fla. Loc. R. 15.1. The amended Section 2241 Petition shall not exceed twenty pages absent leave of court and upon a showing of good cause. *See* S.D. Fla. Loc. R. 7.1(c)(2).

2. Petitioner is cautioned that any claims lacking sufficient factual support will be subject to dismissal.

3. Petitioner is warned that failure to comply with this Court's order will result in dismissal of this action without prejudice except as to any application of the federal statute of limitations or other federal procedural bar that may apply. *See* Fed. R. Civ. P. 41(b).

4. Submission of exhibits at this time is unnecessary. Respondent will be required to submit, in conjunction with its answer, those portions of the record that it deems relevant. Petitioner will then have an opportunity to file a reply, at which time he may submit additional portions of the record that he deems necessary.

5. The Clerk of Court shall ensure that the approved form Section 2241 Petition is docketed as an attachment to this Order and mailed to the Petitioner with his copy of this Order and shall make a notation on the Court's docket reflecting that this has been accomplished, as ordered.

**DONE AND ORDERED** in chambers in Miami, Florida, this 18th day of June, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Ernesto Garcia, *Pro Se***
Alien # 074029768
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**MaryEllen M. Farrell Gieseler, AUSA**
United States Attorney's Office
Southern District of Florida
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401
Email: maryellen.gieseler@usdoj.gov